Thomas *v.* State.*

(Division A.   May 14, 1928.)

[117 So. 119.   No. 27088.]

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1315, n. 17; 17CJ, p. 371, n. 51.

*Williamson & Clayton,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Cook, J. The appellant, Willie Thomas, was convicted in the county court of Lauderdale county of selling intoxicating liquors, and was sentenced to pay a fine of two hundred fifty dollars and to serve a term of ninety days in the county jail. On appeal to the circuit court, the judgment of the county court was affirmed, and from this judgment of affirmance an appeal was prosecuted to this court.

The testimony for the state amply supports the verdict of the jury, and we find no reversible error in the admission or exclusion of evidence, or the granting, or refusal of instructions. In the case of *Buford* v. *State,* 146 Miss. 66, 111 So. 850, section 2, chapter 210, Laws of 1922, which required the imposition of a term of imprisonment of not less than ninety days in all cases of conviction of selling liquor, was held to be unconstitutional. But at the time the sentence in the case at bar was imposed by the county judge the Buford case was still pending in this court, and although it is true that the punishment here imposed was not in excess of the maximum permitted by chapter 214, Laws of 1912 (section 2236, Hemingway's 1927 Code), still, as was said in the Buford case:

"It may be that the judge below, deeming himself bound by the new statute, either imposed a jail sentence that he would not have imposed, or fixed a longer period therefor than he would have done, had he acted solely under the former statute."

This being true, we are of the opinion that, in so far as it imposes sentence on the verdict, the judgment of the court below should be reversed, and the cause remanded for a new sentence, but in all other respects it should be affirmed.

*So ordered.*